# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-981


**CYNTHIA BRIDGES, SECRETARY, DEPARTMENT OF REVENUE, STATE OF LOUISIANA**

**VERSUS**

**NELSON INDUSTRIAL STEAM COMPANY**

## CONSOLIDATED WITH

## 17-982

**CYNTHIA BRIDGES, SECRETARY, DEPARTMENT OF REVENUE, STATE OF LOUISIANA**

**VERSUS**

**NELSON INDUSTRIAL STEAM COMPANY**

## CONSOLIDATED WITH

## 17-983

**NELSON INDUSTRIAL STEAM COMPANY**

**VERSUS**

**CALCASIEU PARISH SCHOOL BOARD SALES AND USE TAX DEPARTMENT, ET AL.**

## CONSOLIDATED WITH

## 17-984

**NELSON INDUSTRIAL STEAM COMPANY**

**VERSUS**

**CALCASIEU PARISH SCHOOL BOARD SALES AND USE TAX DEPARTMENT, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU,
CONSOLIDATED CASE NOS.
2008-6375, 2010-5853; 2010-3564, AND 2013-2661
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY
JUDGE**

**********

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**AFFIRMED.**

**Linda S. Akchin
Angela W. Adolph
Jason R. Brown
Kean Miller LLP
400 Convention Street, Suite 700
Baton Rouge, Louisiana  70802
(225) 387-0999
Counsel for Defendant/Appellant:
        Nelson Industrial Steam Company**

**H. Alan McCall
Stockwell, Sievert, Viccellio, Clements & Shaddock
Post Office Box 2900
Lake Charles, Louisiana  70602-2900
(337) 436-9491
Counsel for Defendant/Appellant:
        Nelson Industrial Steam Company**

**Russell J. Stutes, Jr.
Stutes & Lavergne, LLC
600 Broad Street
Lake Charles, Louisiana  70601
(337) 433-0022
Counsel for Defendant/Appellee:
        Calcasieu Parish School System Sales and Use Tax Department**

**KEATY, Judge.**

The taxpayer, Nelson Industrial Steam Company (NISCO), appeals a judgment rendered in its favor in these consolidated tax cases, granting its exceptions of lack of subject matter jurisdiction and improper cumulation to an Amended Answer and Reconventional Demand (AA&RD) filed by the Calcasieu Parish School System Sales and Use Tax Department (CPSS), and dismissing the foregoing pleading without prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter involves four consolidated tax cases. Two are suits by Cynthia Bridges, Secretary, Louisiana Department of Revenue, State of Louisiana (LDR) against NISCO to collect taxes and two are suits by NISCO against CPSS for the refund of taxes paid under protest. NISCO is in the business of generating electric power in Lake Charles, Louisiana. NISCO sells steam, electricity and ash. Limestone is bought and used for the dual purpose of inhibiting sulfur in the production of electricity and producing ash. NISCO contends that its purchase of limestone, with respect to its production of ash, is subject to the "further processing exclusion" of La.R.S. 47:301(10)(c)(i)(aa), which narrows the scope of taxable sales.

These cases have been before this court twice before. In *Bridges v. Nelson Industrial Steam Co.*, 14-1250, pp. 2-3 (La.App. 3 Cir. 6/24/15), 169 So.3d 711, 713, we stated:

> The trial court initially heard cross-motions for summary judgment on the further processing issue and granted summary judgments in favor of the State and the Parish in the first three suits. On appeal, this court affirmed. *Bridges v. Nelson Industrial Steam Co.*, 12-477 (La.App. 3 Cir. 11/7/12), 106 So.3d 147. The Louisiana Supreme Court granted NISCO's writ application and vacated the summary judgment rulings, finding that genuine issues of material fact precluded summary judgment. *Bridges v. Nelson Industrial Steam Co.*, 13-171 (La.3/8/13), 108 So.3d 1168. On remand,

> following a trial on the merits which included the fourth suit, the trial court rendered judgments again in favor of the State and the Parish, signing four separate judgments, one for each of the consolidated cases.

This court affirmed the trial court's rulings. *Id.* Upon NISCO's application for writ of certiorari, the supreme court granted writs, reversed, and remanded "to the trial court to fix the amount of the judgment in a manner consistent with [its] opinion." *Bridges v. Nelson Indus. Steam Co.*, 15-1439, p. 17 (La. 5/3/16), 190 So.3d 276, 287. Thereafter, NISCO submitted proposed judgment to LDR and CPSS; however, when the parties were unable to agree on who would pay costs, NISCO filed a Motion for Entry of Judgment and Rule for Taxation for costs, which LDR opposed. Following a December 12, 2016 contradictory hearing, NISCO circulated judgments to the parties for signature, and the trial court signed a Judgment After Remand on January 11, 2017.

In the interim, CPSS filed an ex-parte Motion and Order for Leave to File Amended Answer and Reconventional Demand on December 29, 2016, which the trial court signed. Soon after it was served with that pleading, NISCO filed declinatory exceptions of lack of subject matter jurisdiction and insufficiency of citation and service of process; a dilatory exception of improper cumulation; a motion to vacate the order granting CPSS leave to file the AA&RD; and a motion to strike the AA&RD. CPSS opposed the exceptions and motions. The exceptions and motions came before the trial court for contradictory hearing in March 2017. After hearing argument from counsel, the trial court ruled that it would "dismiss the reconventional demand without prejudice." CPSS then filed a separate suit against NISCO in the Fourteenth Judicial District Court asserting facts identical to

2

those contained in the AA&RD, which, it concedes, was improperly filed in this matter.[1]

The parties appeared before the trial court again in June 2017 for a hearing on a Motion for Entry of Judgment filed by NISCO after they were unable to agree on the wording for the judgment granting NISCO's exceptions and motions. While there were initially three issues in dispute, the parties worked out two of those issues before the hearing began. After listening to argument from counsel, the trial court chose the exact wording it wanted in the judgment, which it ordered counsel for CPSS to prepare for signature. The resulting judgment was signed on June 29, 2017.[2] NISCO now appeals, asserting that:

> 1. The district court erred in not granting NISCO's Motion to Vacate the *Ex Parte* Order granting leave to file CPSS's "Amended Answer and Reconventional Demand" and not striking the "Amended Answer and Reconventional Demand" from the record.

> 2. The district court erred in including incorrect and misleading language in the judgment indicating that it was granting NISCO's exception of lack of jurisdiction **over the principle actions** in the captioned matter, when the basis of NISCO's exception, and the court's ruling in open court, was that the court lacked subject matter jurisdiction **over CPSS's reconventional demand**.

## DISCUSSION

Appellate courts review questions of law de novo, determining whether the trial court's ruling was correct. *Gladney v. Anglo-Dutch Energy, L.L.C.*, 16-468 (La.App. 3 Cir. 12/21/16), 210 So.3d 903, *writ denied*, 17-365 (La. 4/13/17), 218 So.3d 120.

---

[1] Coincidentally, that matter was randomly allotted to the trial judge who presided over this suit.

[2] We note that the judgment did not state the year in which it was signed.

3

Louisiana Code of Civil Procedure Article 1031, titled "Incidental demands allowed," provides in pertinent part: "A. A demand incidental to the principal demand may be instituted against an adverse party."

In its exceptions to the AA&RD filed by CCPS's, NISCO asserted:

1.

> Pursuant to La. C.C.P. art. 925(A)(6), NISCO raises the declinatory exception of lack of subject matter jurisdiction, on the ground that this court was divested of jurisdiction by entry of orders of suspensive appeal on June 30, 2014.

2.

> The remedy for granting of the declinatory exception of lack of subject matter jurisdiction is dismissal. *See* La. C.C.P. art. 932(B).[3] The School Board must file the claims asserted in its "Reconventional Demand" as an Original Petition, and submit said Original Petition to the Clerk of Court for random allotment.

> . . . .

5.

> Pursuant to La. C.C.P. art. 926(A)(7), NISCO raises the dilatory exception of improper cumulation, on grounds that the Court lacks subject matter jurisdiction over the "Reconventional Demand" because it has been divested of jurisdiction over the principle actions. *See* La. C.C.P. art. 462. Pursuant to La. C.C.P. art. 464,[4] the appropriate remedy for granting of this exception is dismissal of the "Reconventional Demand."

In the prayer for relief contained in its exceptions, NISCO asked that CPSS's AA&RD be "dismissed for lack of subject matter jurisdiction." Alternatively, NISCO asked the trial court to vacate its order granting CPSS leave to file the AA&RD, to strike the AA&RD from the record, and to dismiss the claims asserted in the AA&RD.

---

[3] "If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed. . . ." La.Code Civ.P. art 932(B).

[4] "When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed." La.Code Civ.P. art. 464.

4

At the March 2017 hearing, after hearing argument from counsel in support of and in opposition to NISCO's exceptions and motions, the trial court remarked:

> Okay. I find that the remand to this Court was very specific and limited, and the Court has complied with what it was remanded -- what the remand required and ordered. And I think this is a brand new action under new laws, new facts, new tax years and there is a concern for judicial economy. I certainly understand that. Unless or if the case is re-filed as an ordinary proceeding after today and then randomly allotted and comes to me, then that's one thing. But if it goes to someone else then there is an argument for judicial economy, but I don't think that trumps this Court's finding that the case that we tried is over. And it was over prior to the supplemental answer and reconventional demand. The case had been tried and all of the issues were -- were litigated and decided and concluded, and that concluded the case. So there was nothing to attach or reconvene with respect to a principle demand because the principle demand had been resolved. I think this reconventional demand and the answer in reconventional demand is an improper accumulation[sic]. I guess the [La.Code Civ.P. art.] 1155 argument that it required a contradictory hearing is now moot because we are here contradictorily. I think there has to be allotment of the new pleading.

As mentioned previously, the parties failed to come to an agreement regarding the language that should be contained in the judgment to reflect the rulings the trial court made at the March 2017 hearing. NISCO circulated a proposed judgment that provided in relevant part: "Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that NISCO's Declinatory Exception of Lack of Subject Matter Jurisdiction is GRANTED." CPSS, on the other hand, preferred that this portion of the judgment state: "Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that NISCO's Declinatory Exception of Lack of Subject Matter Jurisdiction over the above-captioned consolidated matters is GRANTED."

In the argument presented at the June 2017 hearing concerning the wording of the judgment, counsel for both parties quite candidly admitted that their concerns about the wording of the judgment stemmed from their anticipation that

5

NISCO would later assert that the claims brought by CPSS in its AA&RD are prescribed. After hearing what essentially amounted to a rehashing of the merits of NISCO's exceptions, the trial court stated:

> I'm going to keep that language in there. Because at that time I did lack subject matter jurisdiction over the captioned matters, except to the extent that I had to comply with the remand. And I couldn't do anything else. And that's consistent with what I did then. I set aside the reconventional demand because I was without authority to act as it applied -- as it was attempted -- as the filing was a reconventional filing.

The judgment that was ultimately signed and which NISCO now appeals reads:

> [T]he Court finds as follows:
>
> > The Court's subject matter jurisdiction in the above captioned consolidated natters is limited by the Supreme Court's order of May 3, 2016, in *Bridges v. Nelson Indus. Steam Co*., 2015-1439 (La. 5/3/16), 190 So.3d 276, providing: "We remand this matter to the trial court to fix the amount of the judgment in a manner consistent with this opinion," and the Court has complied with that mandate.
> >
> > Because the above captioned consolidated matters were fully adjudicated to the merits, CPSS's "Answer and Reconventional Demand" has no pending Petition to respond to or reconvene against.
> >
> > CPSS's "Amended Answer and Reconventional Demand" is a new action improperly cumulated with the above-referenced actions;
> >
> > CPSS's "Reconventional Demand" for collection of tax for the period from January 1, 2013 through December 31, 2015 must be dismissed, without prejudice, re-filed as a new action and randomly allotted.
>
> Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that NISCO's Declinatory Exception of Lack of Subject Matter Jurisdiction over the above captioned consolidated matters is GRANTED;
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that NISCO's Dilatory Exception of Improper Cumulation is GRANTED;

6

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that CPSS's pleading entitled "Amended Answer and Reconventional Demand" BE AND IS HEREBY DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in light of the foregoing orders, NISCO's Declinatory Exception of Insufficiency of Citation and Service of Process, NISCO's Exception of Improper Use of Incidental Action, NISCO's Motion to Vacate Order Granting CPSS Leave to file "Amended Answer and Reconventional Demand" and NISCO's Motion to Strike CPSS's "Amended Answer and Reconventional Demand["]] are mooted.

On appeal, NISCO insists that the judgment's inclusion of the phrase "over the above captioned consolidated matters" amounts to a "gross mischaracterization of its declinatory exception." It admits that the trial court obviously had jurisdiction of the consolidated matters and that it filed its exception of lack of subject matter jurisdiction "in response to and aimed at the reconventional demand" filed by CPSS.

**NISCO's Motion to Vacate the Ex Parte Order granting leave to file CPSS's "Amended Answer and Reconventional Demand"**

In its first assigned error, NISCO asserts error in the trial court's failure to grant its Motion to Vacate the Ex Parte Order granting CPSS leave to file its AA&RD and its failure to strike the AA&RD from the record.

We have performed a de novo review of the record in this matter. The primary relief sought in its exceptions and motions was to have the trial court dismiss CPSS's AA&RD. That ruling was in conformity with the dictates of La.Code Civ.P. art 932(B). Upon its dismissal of the AA&RD, the trial court did not have to rule on NISCO's Motion to Vacate its order granting CPSS's motion to file that pleading. We conclude that under the circumstances, NISCO was not entitled to a judgment vacating the order granting CPSS leave to file its AA&RD. NISCO's first assignment of error lacks merit.

7

**The Language of the Judgment**

In its second assigned error, NISCO asserts that the trial court "erred in including incorrect and misleading language in the judgment." NISCO submits that the basis of its exception was that the trial court lacked subject matter jurisdiction over CPSS's reconventional demand. According to NISCO, the trial court agreed at the March 2017 hearing that it lacked subject matter jurisdiction over CPSS's reconventional demand; however, the judgment that the trial court signed wrongly indicated "that it was granting NISCO's exception of lack of jurisdiction over the principle actions in the captioned matter." In its appellant brief, NISCO admits that the judgment "correctly states" that CPSS's AA&RD is dismissed without prejudice. It further asserts therein that "[t]he effect of a dismissal without prejudice is as if the action were never filed, thus preserving for NISCO[] any prescription defense available to it in the subsequent re-filing of the action."

In the exceptions and motions that NISCO filed in response to CPSS's AA&RD, it asserted that the trial court was divested of jurisdiction when it signed an order on June 30, 2014, allowing NISCO to suspensively appeal the final judgments rendered in these consolidated cases on June 2, 2014. Thereafter, citing La.Code Civ.P. art. 932(B), NISCO correctly stated that "[t]he remedy for granting of the declinatory exception of lack of subject matter jurisdiction is dismissal." As we stated in response to NISCO's first assigned error, the trial court found merit to NISCO's arguments and it dismissed CPSS's AA&RD. Again, NISCO received the relief it sought in the trial court. Moreover, we conclude that dismissal of CCSS's AA&RD was the relief to which NISCO was entitled under the Louisiana Code of Civil Procedure. There is no merit to NISCO's second assignment of error.

8

**DECREE**

For the foregoing reasons, the judgment rendered in favor of Nelson Industrial Steam Company, granting its exceptions of lack of subject matter jurisdiction and improper cumulation to the Amended Answer and Reconventional Demand filed by the Calcasieu Parish School System Sales and Use Tax Department and dismissing the foregoing pleading without prejudice is affirmed. All costs of this appeal are assessed against Nelson Industrial Steam Company.

**AFFIRMED.**